UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**KENNETH MLECZKO,**

**Plaintiff,**                              Case No.:

v.

**MUTZ MOTORS LIMITED PARTNERSHIP**
**d/b/a LAKELAND AUTO MALL,**
A Florida Limited Partnership

**Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, KENNETH MLECZKO (hereinafter referred as "MLECZKO" or "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendant MUTZ MOTORS LIMITED PARTNERSHIP d/b/a LAKELAND AUTO MALL (hereinafter referred as "LAKELAND AUTO MALL" or "Defendant"), pursuant to the Family Medical Leave Act ("FMLA"), the Americans with Disabilities Act, 42 U.S.C. §12101, as amended by the ADA Amendments Act of 2008 ("ADAAA"), Florida's Workers' Compensation Law in violation of § 440.205 and the Age Discrimination in Employment Act ("ADEA"). As a result, and for the violation of the listed statutes, Plaintiff seeks to recover front pay, back pay, an equal amount as liquidated damages, reinstatement, lost benefits, compensatory damages, emotional distress

damages, pain and suffering, injunctive relief, reasonable attorneys' fees and costs and any other relief to which the Plaintiff is entitled, including but not limited to, equitable relief. In support of the foregoing, Plaintiff states as follows:

## PARTIES

1. Plaintiff was an employee of Defendant from approximately March 2020 to January 2022.

2. Plaintiff was employed by Defendant in Lakeland, Florida.

3. Defendant is a Florida Limited Partnership which operates a car dealership in Lakeland, Florida where Plaintiff was employed.

4. Defendant employs more than fifty (50) employees.

5. Defendant employs more than fifty (50) employees within 75 miles of Sanford, Florida.

6. Plaintiff was an "employee" as defined by the FMLA.

7. Defendant is an "employer" as defined by the FMLA.

8. Plaintiff was an "employee" as defined by the ADAAA.

9. Defendant is an "employer" as defined by the ADAAA.

10. Defendant is an "employer" as defined by the ADEA.

11. Plaintiff was an "employee" as defined by the ADEA.

12. As of the date of his termination, Plaintiff had been employed by Defendants for at least twelve (12) months.

13. As of the date of his termination, Plaintiff had been employed by Defendant for at least 1,250 hours of service during the previous twelve (12) month period.

14. At all times material, Plaintiff was an "employee" of Defendant as defined by 42 U.S.C. § 1211(4) and a "qualified individual" as defined by 42 U.S.C. § 1211(8).

15. At all times material, Defendant was an "employer" as defined by 42 U.S.C. § 12111(5)(a) as well as a "covered entity" as defined by 42 U.S.C. § 12111(2).

## JURISDICTION & VENUE

16. This Court has jurisdiction over this complaint pursuant to 28 U.S.C. §1331.

17. This claim arises under the laws of the United States. Venue is proper pursuant to 28 U.S.C. § 1391. The events giving rise to this action occurred within this District.

18. Plaintiff worked for Defendant in Polk County, Florida.

19. Defendant conducts business in Polk County, Florida.

20. Venue is proper in the Tampa Division of the Middle District of Florida pursuant to Local Rule 1.02(b)(2).

## SATISFACTION OF CONDITIONS PRECEDENT

21. On or about May 19, 2022, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination and failure to accommodate in violation of the ADAAA and the ADEA.

22. The EEOC, on or about March 1, 2023, issued to Plaintiff a Dismissal and Notice of Rights as to the Charge.

23. This action is being commenced within 90 days of Plaintiff's receipt of the Dismissal and Notice of Rights.

## STATEMENT OF FACTS

24. Plaintiff was hired as a Salesman for Defendant in March 2020.

25. Plaintiff was employed with Defendant for one (1) calendar year leading up to January 2022.

26. Plaintiff worked over 1,250 hours for Defendant during the year immediately preceding January 2022.

27. Plaintiff suffered a compensable workers' compensation injury on January 21, 2022, after falling at work.

28. In said accident, Plaintiff sustained substantial injury to his left and right knees, neck, and his left shoulder.

29. The aforementioned injuries substantially limited Plaintiff's ability to walk, rotate his head, and use his arm.

30. He was sore the next day but was not scheduled to work.

31. On January 31, 2022, Plaintiff reported to work for his regularly scheduled shift.

32. At that time, Plaintiff put Defendant on notice of his work-related injury, and requested the opportunity to seek medical attention.

33. Plaintiff was immediately terminated from his employment upon making Defendant aware of his injury and requesting medical attention for said injury.

34. Plaintiff has since received a diagnosis of rotator cuff tear, subacromial bursitis, labral tear, and large joint effusion.

35. Defendant cited "lack of production" on the part of Plaintiff as the reason for his termination.

36. However, Defendant's reason for Plaintiff's termination is false and a pretext for discrimination and retaliation.

37. Indeed, Plaintiff is in possession of documentation that will show that he was producing more than other workers who were not terminated.

38. During Plaintiff's employment with Defendant, he noticed disparate treatment due to his age as a 65-year-old man.

39. Plaintiff was told by Defendant on several occasions that Defendant was hiring only younger workers.

40. Following this pronouncement, Plaintiff began to notice that he was being overlooked for sales "leads" from the manager.

41. Defendant's actions, including the failure to accommodate Plaintiff, were discriminatory.

42. Defendant's actions, including terminating Plaintiff, were discriminatory.

43. Defendant's actions, including terminating Plaintiff, were retaliatory.

## COUNT I
## INTERFERENCE UNDER THE FMLA

44. Plaintiff re-alleges and adopts the allegations of paragraphs 1-7, 12-13, 16-20, and 24-36 above as if fully set forth herein.

45. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

46. Defendant was Plaintiff's employer as defined by the FMLA.

47. Defendant's acts and omissions constitute interference with Plaintiff's rights under the FMLA.

48. As a direct, natural, proximate, and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which he is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

49. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

50. Defendant's violations of the FMLA were willful.

51. Plaintiff is entitled to recover his attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE,** Plaintiff respectfully requests entry of:

a. judgment in his favor and against Defendant for their interference with his rights under the FMLA;

b. judgment in his favor and against Defendant for damages, including lost earnings and benefits, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct;

c. judgment in his favor and against Defendant for his reasonable attorneys' fees and litigation expenses;

d. judgment in his favor and against Defendant for liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

e. declaratory judgment that Defendant's practices toward Plaintiff violate his rights under the FMLA; and

f. an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT II

## **RETALIATION UNDER THE FMLA**

52. Plaintiff re-alleges and adopts the allegations of paragraphs 1-7, 12-13, 16-20, 24-36, and 41 above as if fully set forth herein.

53. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

54. Defendant was Plaintiff's employer as defined by the FMLA.

55. Defendant discriminated and/or retaliated against Plaintiff because Defendant knew he was eligible for leave under the FMLA.

56. Defendant discriminated and/or retaliated against Plaintiff because Plaintiff's exercise of his rights under the FMLA.

57. Defendant had actual or constructive knowledge of the discriminatory/retaliatory conduct of Plaintiff's supervisors.

58. Defendant acts and omissions negatively affected one or more terms, conditions, and/or privileges of Plaintiff's employment.

59. Defendant's discriminatory acts and omissions occurred, at least in part, because of Plaintiff's request for FMLA-covered leave.

60. Defendant's conduct violated Plaintiff's right to be free from discrimination/retaliation as guaranteed by the FMLA.

61. As a direct, natural, proximate, and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which he is entitled to compensation, including, but not limited to lost wages and benefits, future

pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

62. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

63. Defendant's violations of the FMLA were willful.

64. Plaintiff is entitled to recover his attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE,** Plaintiff respectfully requests entry of:

a. judgment in his favor and against Defendant for violation of the anti-discrimination/anti-retaliation provisions of the FMLA;

b. judgment in his favor and against Defendant for damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct;

c. judgment in his favor and against Defendant for his reasonable attorneys' fees and litigation expenses;

d. judgment in his favor and against Defendant for liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

e. declaratory judgment that Defendant's practices toward Plaintiff violate his rights under the FMLA; and

    f.    an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT III
## DISABILITY DISCRIMINATION

65. Plaintiff realleges and adopts, as if fully set forth herein, the allegations in paragraphs 1-3, 8-9, 14-24, 27-36, and 39-40 above.

66. Plaintiff's medical conditions and restrictions were a motivating cause of Defendant's discriminatory behavior towards Plaintiff, and thus, constituted disability discrimination as proscribed by the ADAAA.

67. Defendant's conduct, including but not limited to its refusal to engage in any dialogue regarding making a reasonable accommodation, discriminated against Plaintiff with respect to the compensation, terms, conditions, or privileges of employment because of Plaintiff's disability.

68. As a natural, proximate, and foreseeable result of the actions of Defendant, Plaintiff has suffered damages, including but not limited to lost wages and benefits, future pecuniary losses, mental anguish, loss of dignity, and other intangible injuries.

69. The conduct of Defendant's management was in such reckless disregard of Plaintiff's federal statutory rights against disability discrimination as to entitled Plaintiff to recover an award of punitive damages to punish Defendant and to deter it and others from such conduct in the future.

70. The disability discrimination Plaintiff suffered, in violation of his federal statutory right to be free from such discrimination, constitutes irreparable harm for which there is no adequate remedy at law.

71. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses against Defendant.

WHEREFORE Plaintiff respectfully requests that the Court enter a judgment:

a. Permanently enjoining Defendant, its officers, agents, servants, employees and all other persons in active concert or participation with it, from violating the provisions of 42 U.S.C. § 12101, as amended, as to Plaintiff;

b. Awarding judgment against Defendant for the back pay and benefits to which Plaintiff would have been entitled but for Defendant's discriminatory acts;

c. Awarding judgment against Defendant for compensatory damages;

d. Awarding judgment against Defendant for punitive damages;

e. Enjoining Defendant to reinstate Plaintiff to a job comparable to the one from which he was terminated, or, if that is not feasible as a make-whole remedy, granting him front pay;

f. Awarding Plaintiff his costs, including a reasonable attorneys' fee, pursuant to 42 U.S.C. §§ 2000e-5(k), 12205 and 12117;

g.  Awarding Plaintiff equitable relief in the form of an additional set-off for any negative tax consequences incurred by Plaintiff as the result of any damage award entered in his favor in this action; and

h.  Granting such other and further relief as the Court deems just.

## COUNT IV
## RETALIATION IN VIOLATION OF THE ADAAA

72. Plaintiff realleges and adopts, as if fully set forth herein, the allegations in paragraphs 1-3, 8-9, 14-24, 27-36, and 41 above.

73. Plaintiff requested a reasonable accommodation for his disability. This constituted protected activity under the ADAAA.

74. As a natural, proximate, and foreseeable result of Defendant actions, Plaintiff has suffered damages, including but not limited to lost wages and benefits, future pecuniary losses, mental anguish, loss of dignity, and other intangible injuries.

75. The conduct of Defendant's management was in such reckless disregard of Plaintiff's federal statutory rights against retaliation as to entitle Plaintiff to recover an award of punitive damages to punish Defendant and to deter it and others from such conduct in the future.

76. The retaliation Plaintiff suffered, in violation of his federal statutory right to be free from such retaliation, constitutes irreparable harm for which there is no adequate remedy at law.

77. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses against Defendant.

WHEREFORE Plaintiff respectfully requests that the Court enter a judgment:

a. Permanently enjoining Defendant, its officers, agents, servants, employees and all other persons in active concert or participation with it, from violating the provisions of 42 U.S.C. § 12101, as amended, as to Plaintiff;

b. Awarding judgment against Defendant for the back pay and benefits to which Plaintiff would have been entitled but for Defendant's retaliatory acts;

c. Awarding judgment against Defendant for compensatory damages;

d. Awarding judgment against Defendant for punitive damages;

e. Enjoining Defendant to reinstate Plaintiff to a job comparable to the one from which he was terminated, or, if that is not feasible as a make-whole remedy, granting his front pay;

f. Awarding Plaintiff his costs, including a reasonable attorneys' fee, pursuant to 42 U.S.C. §§ 2000e-5(k), 12205 and 12117;

g. Awarding Plaintiff equitable relief in the form of an additional set-off for any negative tax consequences incurred by Plaintiff as the result of any damage award entered in his favor in this action; and

h. Granting such other and further relief as the Court deems just.

## COUNT V:
## RETALIATION IN VIOLATION OF §440.205, FLORIDA STATUTES

78. Plaintiff realleges and incorporates all allegations contained within Paragraphs 1-3, 16-20, 24, 27-36, and 41 above.

79. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against retaliation under the §440.205, Florida Statutes.

80. Plaintiff was threatened with discharge by Defendant for attempting to claim compensation under the Workers' Compensation Law (Chapter 440, Florida Statutes).

81. Plaintiff was discharged by Defendant for attempting to claim compensation under the Workers' Compensation Law (Chapter 440, Florida Statutes).

82. The retaliation to which Plaintiff was subjected was based on his disability.

83. The retaliation to which Plaintiff was subjected was based on his attempt to claim compensation Workers 'Compensation Law (Chapter 440, Florida Statutes).

84. Defendant did not have a legitimate, non-discriminatory/retaliatory reason for Plaintiff's firing.

85.     The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

86.     Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.  Declare that Defendant violated the aforementioned causes of action;

b.  Grant a jury trial and entry of judgment in Plaintiff's favor;

c.  Award back pay;

d.  Award front pay;

e.  Award compensatory damages;

f.  Award liquidated damages;

g.  Award prejudgment interests, and, if applicable, post-judgment interest;

    h.    Award any such other and further permanent injunctive, declaratory, legal or equitable relief in any combination to which this Court deems just and proper.

## COUNT VI
## AGE DISCRIMINATION IN VIOLATION OF THE ADEA

87. Plaintiff re-alleges and adopts the allegations of paragraphs 1-3, 10-11, 16-24, 37-38, and 40 above as if fully set forth herein.

88. Plaintiff was sixty-five years of age at the time of his termination and a member of a protected class.

89. Plaintiff was qualified for his current position because he had performed in that position for a substantial period of time.

90. Plaintiff was subjected to the adverse employment action of being terminated.

91. Plaintiff was treated less favorably than younger, similarly situated employees.

92. Defendant discriminated against Plaintiff because of his age.

93. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination under the ADEA because it treated Plaintiff less favorably because of his age.

94. The discrimination to which Plaintiff was subjected was based on his age.

95. Defendant does not have a legitimate, non-discriminatory reason for its firing of Plaintiff.

96. The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

97. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

98. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the ADEA.

99. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable reliefallowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

   c. Front pay and benefits;

   d. Compensatory damages for emotional pain and suffering;

   e. Injunctive relief;

   f. Prejudgment interest;

   g. Costs and attorney's fees; and

   h. Such other relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this __30th__ day of May, 2023.

Respectfully submitted,
s/ Edward W. Wimp
Edward W. Wimp, Esquire – LEAD COUNSEL
FBN: 1015586
Email: ewimp@theleachfirm.com
Direct: 407-574-6339

Anthony J. Hall, Esquire
FBN: 0040924
Email: ahall@theleachfirm.com

THE LEACH FIRM, P.A.
631 S. Orlando Ave., Suite 300
Winter Park, FL 32789
Telephone: (407) 574-4999
Facsimile: (833) 813-7513

Attorneys for Plaintiff